FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 OCT 30 P 4: 44

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEITH TOWNSEND** | ) **CIVIL ACTION NO.** |
| **VERSUS** | ) **SECTION** **07-7651** |
| **DIAMOND OFFSHORE** | ) **MAGISTRATE** |

**SECT. J MAG. 4**

**COMPLAINT**

The Complaint of Keith Townsend, a person of the full age of majority and resident of the State of Texas (hereinafter sometimes referred to as "Plaintiff"), who respectfully represent as follows:

1.

Made defendant here is Diamond Offshore, a foreign corporation, licensed to do and doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. Section 688 (the "Jones Act"), and the provisions of the general maritime law. Plaintiff designates this matter as a Maritime Claim under Rule 9(h) of the Federal Rules of Civil Procedure.

___Fee seaman
___Process
X Dktd
___CtRmDep
___Doc. No.

3.

The defendant, Diamond Offshore, is justly and truly indebted unto plaintiff, Keith Townsend, for the following reasons, to-wit:

4.

At all material times, plaintiff, Keith Townsend, was employed by Diamond Offshore, as a Jones Act seaman.

5.

Plaintiff was assigned by defendant, Diamond Offshore to work aboard the *Ocean Concord*, a vessel that was owned and/or operated and/or chartered and/or controlled Diamond Offshore, at all material times herein.

6.

On or about May 24, 2006, Plaintiff, Keith Townsend, was working on the deck of the *Ocean Concord*. A Diamond Offshore supervisor ordered the Plaintiff to unroll a large spool of metal cable by himself. This regular maintenance job was always performed by at least three seamen. As well, there was no Job Safety Analysis performed before this task. As Plaintiff attempted to perform the work he was ordered to do, he suffered injury as the spool was too heavy and awkward to be handled by one person alone.

7.

Plaintiff show that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, Diamond Offshore.

8.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendant as more fully set forth herein.

9.

As a result of the above-described incident, plaintiff, Keith Townsend, suffered severe and painful personal injuries to his back, neck, and other injuries which will be shown upon trial of this matter.

10.

Plaintiff's accidents were caused by defendant's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff demands that defendant, Diamond Offshore, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by Plaintiff's current treating physicians.

12.

Defendant's refusal to provide plaintiff with maintenance and cure is willful, wanton, arbitrary and capricious. Plaintiff has been required to file this lawsuit in an attempt to procure maintenance and cure benefits. Consequently, Plaintiff is entitled to recover attorney's fees, litigation costs, and court costs with respect to this arbitrary and capricious refusal to provide maintenance and cure. Additionally, plaintiff is entitled to recover enhanced compensatory damages with respect to this arbitrary and capricious refusal to provide maintenance and cure.

13.

The above-described incident was caused solely by the negligence of defendant, Diamond Offshore, through its agents, servants and employees, which are more particularly described as follows:

**NEGLIGENCE OF DIAMOND OFFSHORE**

a. Failing to properly train and/or supervise its crew and other employees;

b. Failing to exercise due care and caution;

c. Failing to avoid this accident;

e. Failing to provide competent supervision;

f. Failing to provide adequate training to perform the work required;

g. Failing to provide adequate assistance and personnel for the work required;

h. Other conditions which will be shown more fully at trial; and

i. Other acts of negligence which will be shown more fully at trial.

14.

In the further alternative, plaintiff, Keith Townsend, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, aver the applicability of the doctrine of Res Ipsa Loquitur.

15.

As a result of the above-described negligence, plaintiff, Keith Townsend, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Past lost found;

f. Loss of future earning capacity;

g. Loss of future found;

h. Loss of fringe benefits;

i. Disfigurement and disability;

j. Loss of enjoyment of life; and,

k. Other damages which shall be proven at trial.

16.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, Plaintiff demands interest from the date of judicial demand.

17.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Keith Townsend, prays that the defendant, Diamond Offshore, be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendant, Diamond Offshore, in an amount sufficient to adequately compensate plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

**THE MARITIME LAW CENTER**

**RONNA M. STEELE (#20006)**
**LES A. MARTIN (#22504)**
**ALARABY JOHNSON (#29606)**
3221 Behrman Place, Suite 105
New Orleans, LA 70114
Telephone: (504) 361-4750
Facsimile: (504) 361-4752
rsteele@usagulf.com
ajohnson@usagulf.com
lmartin@yahoo.com